IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:06-cr-521-WSD |
| RONALD JAMES, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Ronald James' ("Defendant") Objections [41] to the Report and Recommendation ("R&R") [38] issued by Magistrate Judge Gerrilyn G. Brill on July 12, 2007, on Defendant's Initial Motion to Suppress Evidence ("Motion") [12].  In the Motion, Defendant contends that the traffic stop of his vehicle on the evening of November 1, 2006, was pretextual, thus the seizure of a firearm during the search of his vehicle following the stop was invalid.

The Magistrate Judge found there was a valid basis for the stop and recommends in the R&R that the Motion be denied.  In his Objections, Defendant reiterates the position stated in his Motion that there "was no credible basis to backup the police officer's claim that he stopped Mr. James for speeding," and

there is no factual basis to support the finding in the R&R that Defendant's rapid acceleration in a residential area also supported the stop.  Defendant also objects to the Magistrate Judge's characterization of Kerry Boozer's testimony in the R&R, which found that Boozer "paid no attention to Mr. James's vehicle."  Finally, Defendant states in the Objections:  "We have never been in agreement that there was a consent search after the stop, but our main challenge is to the original basis of the stop itself."  (Obj. [41], at 2).  The consent issue is not discussed in Defendant's Objections, and the Court interprets the Objections as only challenging the findings regarding the stop of the vehicle.

*Standard of Review*

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specify proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(c).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a

party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)).  With respect to those findings and recommendations to which the Defendant has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

*Discussion*

Defendant asserts in his Objections that the Magistrate Judge erred in finding that the reason Atlanta Police Officer Richard Hedges stopped Defendant on November 1, 2006, was because Defendant was speeding.  Defendant's characterization of Officer Hedges' testimony at the suppression hearing is misleading and incomplete.  Officer Hedges testified clearly and unequivocally that the principal reason for stopping Defendant's vehicle was because he observed Defendant parked in the wrong direction on a residential street, and he observed the Defendant take off at a high rate of speed.  Once the Defendant took off, Officer Hedges also believed the Defendant to be speeding.  The officer's testimony speaks for itself:

> Q.   All right.  Would you please tell us about how you came upon a Ford pickup?

A. (Officer Hedges). As I recall on that evening I observed the vehicle idling alongside the southbound lane or against the curb in the southbound lane with a subject standing outside of the vehicle. I then observed that vehicle take off at a high rate of speed, basically turning back into the northbound land and continuing northbound.

. . .

Q. And what drew your attention to that?

A. The fact that it was idling or, you know, the motor was running and it was in the southbound lane facing northbound.

Q. All right. Continue. What happened next? You saw the subject outside the car and you also saw the car idling. Then what did you see?

A. I then saw the vehicle basically go into the northbound lane at a high rate of speed and continue northbound.

Q. And then what did you do?

A. As we drove through the intersection I observed that the speed limit was 25 miles per hour as we were continuing northbound.

Q. All right. How did you observe that?

A. There is a speed limit sign alongside of the road.

Q. All right. And so what did you do next?

> A. I prompted my partner, Officer Smith, to conduct a traffic stop.
>
> . . .
>
> Q. Now, what made you decide to conduct a traffic stop at this point?
>
> A. Just the proactive investigation from having observed the vehicle take off at a high rate of speed in a residential area. At that point, I prompted my partner to conduct a traffic stop just for investigative purposes.

(Tr. Feb. 5, 2007, at 11-13.) Although this was the fundamental basis for the stop, Officer Hedges also observed that the Defendant was speeding in the neighborhood, which provided a second and independent basis for the stop. Officer Hedges testified:

> Q. And you said the speed limit was 25 there?
>
> A. Yes, ma'am.
>
> Q. And did you believe him to be speeding at that point?
>
> A. Yes, ma'am.
>
> Q. Did you have a radar?
>
> A. No.
>
> Q. So what are you basing your conclusion that he was speeding on?

A. Well, basically from—it's a training technique taught in the City of Atlanta Police Academy called "pacing." When your vehicle is at speed and a vehicle that you might be watching is gradually or rapidly increasing in distance, at that point you can pretty much tell that they are going faster than the speed limit or in some cases slower.

Q. And did you actually pace this vehicle?

A. Yes.

Q. How far did you pace it?

A. Probably somewhere between two and three hundred yards.

(Id. at 13.)

Officer Hedges had a reasonable belief that the Defendant's conduct in taking off at a high rate was illegal, and thus he had a proper, if not compelling, reason to stop the Defendant's vehicle. Pursuant to O.C.G.A. § 40-6-122, it is illegal to start a vehicle from a standing position unless the movement can be made with reasonable safety. Here, Defendant was in the opposite lane of traffic in a residential area when he took off at a high rate of speed. This alone was sufficient for the stop to be conducted. That the officer believed Defendant continued at a rate of speed that exceeded the posted limit in the neighborhood was also a sufficient, independent reason to stop the Defendant that evening.

There is nothing to discredit the Magistrate Judge's findings that Officer Hedges's testimony was credible. In fact, the Court's independent review of the transcript indicates that the Officer had good recollection of the events that night and was clear and concise about the reason the stop was conducted. That Booker had a different view as to whether Defendant was speeding after he took off does not discredit Officer Hedge's principal reason for the stop, nor does it materially impact the officer's belief that Defendant continued to speed in the neighborhood. The evidence is that Officer Hedge was simply in a better position to evaluate the Defendant's conduct that evening.[1]

*Conclusion*

The Court necessarily concludes that Officer Hedges' testimony was credible, and the reason for his stop was more than sufficient to be constitutional. Thus, the search was constitutionally permitted. Accordingly,

---

[1] That this conduct was observed in a high crime area further supports the conclusion that Officer Hedge was warranted in stopping the vehicle based on the suspicions he had. United States v. Hunter, 219 F.3d 1302, 1306 (11th Cir. 2002) ("[R]eputation of an area for criminal activity my be considered when determining circumstances are 'sufficiently suspicious' to warrant further investigation.").

**IT IS HEREBY ORDERED** that the Defendant's Objections to Report and Recommendations of Magistrate Judge [41] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS AS ITS ORDER** the Report and Recommendation [38], and Defendant's Initial Motion to Suppress Evidence [12] is **DENIED**.

**SO ORDERED** this 6th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE